**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 9, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

---

ROBERT-LAWRENCE PERRY,

    Plaintiff - Appellant,

v.

CITY OF FORT COLLINS;
CSU BOARD OF GOVERNORS;
STEVEN VASCONCELLOS,

    Defendants - Appellees.

No. 23-1112
(D.C. No. 1:21-CV-02306-RM-KLM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BACHARACH**, **KELLY**, and **LUCERO**, Circuit Judges.

---

This appeal grew out of a clash between Colorado State University

and an alumnus, Mr. Robert-Lawrence Perry. Mr. Perry is homeless, and

the university allegedly excluded him from the campus. The exclusion

---

[*]     Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

didn't stop Mr. Perry, so the City of Fort Collins cited him for trespass when he returned.

The exclusion from campus and resulting citations for trespass led Mr. Perry to sue. The magistrate judge recommended dismissal of all the claims, and the district judge adopted the recommendations.

Mr. Perry appeals. He reargues his underlying claims, but doesn't address the district court's reasons for dismissing the claims.

## 1.     Identification of parties

The district court decided that the only parties were the State of Colorado, the Board of Governors of Colorado State University, and Mr. Steven Vasconcellos. Mr. Perry complains that he also sued others.

The court acknowledged that the caption had included many other individuals, but explained that the body of the complaint itself had limited the parties to the state, the board of governors, and Mr. Vasconcellos. Though Mr. Perry obtained this explanation, he didn't inform the district court that he was intending to include others as defendants. So we reject his argument about the district court's identification of the parties.

## 2.     The Magistrate Judge's authority to recommend rulings on dispositive matters

The district judge referred the case to a magistrate judge. The referral encompassed issues that were both dispositive and non-dispositive.

2

For dispositive issues, the magistrate judge could issue "proposed findings of fact and recommendations." Doc. 9.

The magistrate judge carried out this referral, submitting proposed findings of fact and recommendations on the defendants' motions to dismiss. Mr. Perry argues that the magistrate judge exceeded her authority because the referred issues don't involve trial management. But the referral also allowed the magistrate judge to recommend rulings on the motions to dismiss. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).

Mr. Perry argues that the magistrate judge lacks authority to decide a motion to dismiss. But the magistrate judge didn't make rulings; she just recommended them. These recommendations fell not only within the district judge's referral order but also within the scope of the magistrate judge's statutory authority. *Clark v. Poulton*, 963 F.2d 1361, 1363 (10th Cir. 1992). So we reject Mr. Perry's challenges to the magistrate judge's authority.

**3.    Vagueness of the university's policy on exclusionary orders**

Mr. Perry also claims that the university's policy on exclusionary orders was too vague. The district court concluded that the Board of Governors enjoyed Eleventh Amendment immunity for the challenges to the university's policy on exclusionary orders.

Mr. Perry argues that an exception exists when a claimant seeks declaratory or injunctive relief against a state official. But the district

court explained that this exception doesn't apply because Mr. Perry had asserted this claim against the university itself, rather than a state official. Mr. Perry doesn't address this rationale. So we reject his challenge to the ruling.

**4.     Regulatory taking**

Mr. Perry also claims that the city took his personal property in violation of the Fifth Amendment. This claim apparently stems from the university's restrictions on Mr. Perry's use of his car while at Colorado State University. The district court dismissed this claim, reasoning that

- the pertinent property was Mr. Perry's car and

- no one took the car away from him.

Mr. Perry apparently disagrees, but he doesn't address the district court's reasoning. We thus reject Mr. Perry's challenge to the ruling.

**5.     Prosecution, conviction, and sentence for trespass**

Mr. Perry alleges a constitutional violation from his prosecution, conviction, and imprisonment for trespass. But Mr. Perry said in district court that he was "not seeking damages" or "reversal of his trespass convictions." Doc. 59 at 10.[1] So the district court didn't err in dismissing

---

[1]     Mr. Perry was convicted in state court of trespass. The City of Fort Collins argued in federal district court that the civil rights claims on the trespass conviction were (1) premature until Mr. Perry separately obtained expungement or habeas relief and (2) barred under the *Rooker-Feldman* doctrine. The magistrate judge concluded that Mr. Perry had directed the

4

Mr. Perry's claims involving his prosecution, conviction, and sentence for trespass. So we reject his challenge to the ruling.

### 6.    Trespass ordinances

On appeal, Mr. Perry also challenges the constitutionality of the trespass ordinances. In district court, he asserted that the ordinances were unconstitutional because they had targeted the homeless. For these claims, Mr. Perry invoked the prohibition against cruel and unusual punishment and the rights to equal protection and due process. The district court concluded that Mr. Perry had abandoned his claim involving cruel and unusual punishment, that he had failed to allege facts tying his prosecution for trespass to his homelessness, and that he had waited too long to claim a denial of due process.

In response, Mr. Perry argues that the district court neglected to consider the continuing-violation doctrine. But the court declined to apply this doctrine because Mr. Perry had relied on continuation of his injury rather than the wrongdoing. He presents no reason to question that ruling.[2] So we reject Mr. Perry's appellate argument.

---

claims about the trespass conviction to the state defendants rather than the city, and Mr. Perry doesn't challenge this characterization.

[2]    In responding to the city's motion to dismiss, Mr. Perry said that he intended to drop his claims involving "unlawful arrest, unlawful conviction and unlawful imprisonment." Doc. 58 at 2. The magistrate judge thus concluded that Mr. Perry had withdrawn his claims involving the trespass

**7.    Camping ordinance**

Mr. Perry claims that the city's camping ordinance violates the Constitution (the protections against cruel and unusual punishment and regulatory takings and the rights to equal protection and due process). The district court rejected these claims. For the claim involving cruel and unusual punishment, the district court reasoned that Mr. Perry's conviction hadn't involved violation of the camping ordinance. For the claim involving a denial of equal protection, the court reasoned that the ordinance had no discriminatory purpose or effect. For the claim involving a denial of due process, the court reasoned that Mr. Perry had provided no details about the seven times that he was allegedly charged with violations. For the claim involving a regulatory taking, the court reasoned that the city hadn't taken any of Mr. Perry's property. Mr. Perry doesn't say what he thinks is wrong with the district court's reasoning. So we reject Mr. Perry's challenges to these rulings.

**8.    University's policy on exclusionary orders**

Mr. Perry claims that the university's policy on exclusionary orders violates the Constitution. But the district court concluded that the

---

ordinance. On appeal, Mr. Perry reasserts his trespass claims without addressing his statements that he was withdrawing these claims.

6

university enjoys Eleventh Amendment immunity as an arm of the state, and Mr. Perry doesn't address that conclusion. So we reject this challenge.

## 9.　Claims under 42 U.S.C. § 1981

In the complaint, Mr. Perry asserted claims under 42 U.S.C. § 1981. But he asserted these claims against only the state and the university, not the city. As discussed above, the district court dismissed the claims against the state and university based on Eleventh Amendment immunity, and Mr. Perry doesn't address that reasoning. So we reject his challenges on the claims invoking § 1981.

## 10.　Claims under 42 U.S.C. § 1985(3)

Mr. Perry claimed that the city had violated 42 U.S.C. § 1985(3). This section addresses conspiracies to deprive individuals of equal protection or equal privileges and immunities. *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). The district court dismissed this claim based on a failure to allege facts reflecting a conspiracy.

On appeal, Mr. Perry argues that § 1985(3) covers conspiracies that are private as well as "official." Appellant's Opening Br. at 18. But the district court didn't say otherwise. The court dismissed this claim based on the failure to adequately allege a conspiracy—not the private nature of the conspiracy. Mr. Perry's appellate argument thus doesn't address the district court's reasoning. So we reject his argument involving the claims under § 1985(3).

**11.    Claims under 42 U.S.C. § 1986**

Mr. Perry also complains that the district court shouldn't have dismissed his claims under 42 U.S.C. § 1986. But liability under § 1986 depends on liability under § 1985. *Brown v. Richardson*, 770 F.2d 896, 907 (10th Cir. 1985). And as noted above, the district court didn't err in dismissing the claims under § 1985(3). *See* Part 10, above. So we conclude that the district court didn't err in dismissing the claims under § 1986.

**12.    Timing of the district court's ruling on the motion for appointment of counsel**

In district court, Mr. Perry moved for appointment of counsel. The magistrate judge denied the motion when she recommended dismissal of the remaining claims. Mr. Perry argues that the magistrate judge waited too long to rule on the motion for appointment of counsel.

Courts ordinarily have discretion on when to rule on motions. Mr. Perry sought appointment of counsel only after the parties had finished briefing on the motions to dismiss. So the magistrate judge could reasonably defer consideration of the motion to appoint counsel until after the ruling on the motions to dismiss.

In denying the motion to appoint counsel, the magistrate judge explained that she couldn't force an attorney to take the case. *See Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016). The magistrate judge could only ask an attorney to represent Mr. Perry. *See id.* If his claims had

survived the motions to dismiss, the magistrate judge might have appropriately considered counsel essential for further briefing or for trial. In these circumstances, the magistrate judge could reasonably defer consideration of the request for counsel until she could recommend a ruling on the motions to dismiss. So the court didn't err in its timing.

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge